KNOLL, Justice,
dissenting,
h Because I do not find the appellate court properly applied the applicable standard of review, I dissent from the denial of this writ. In my view, the review conducted by the appellate court lacked due deference to the vast discretion afforded the factfinder. Although the appellate court set forth the correct standard and cited the appropriate caselaw, I .feel guidance is nevertheless needed regarding its proper application.
As this Court has often stated:
The standard for appellate review of general damage awards is difficult to express and -is necessarily non-specific, and the requirement of an articulated basis for disturbing such awards gives little guidance as to what articulation suffices to justify modification of a generous or stingy award. Nevertheless, the theme that emerges from Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963) through Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), and through Reck to the present case is that the discretion vested in the trier of fact is “great,” and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular ease. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under, the particular circumstances that the appellate' court should increase or reduce the award.
Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (1993). More recently, this Court again addressed the applicable standard of review and provided guidance to the lower courts as to their role in appellate review:,
. |aThe role of an appellate court in reviewing a general damages award, one which may not be fixed with pecuniary exactitude, is not,,to decide what, it considers to-be -an appropriate award,.but rather to review the exercise of discretion by the .trier of fact. This , court has long held true to the following principle:
[b]efore a Court of Appeal can disturb an award made by a [factfinder,] the record .must clearly reveal that the trier of fact abused its discretion in making its award. Only-after making the finding that the record supports that the lower..court abused its much discretion can the appellate court disturb the award, and then, only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court.
Wainwright, 00-0492, p. 6, 774 So.2d at 74 (quoting Coco v. Winston Indus., Inc., 341 So.2d 332, 334 (La.1977) (internal citations omitted)). See also Miller v. LAMMICO, 07-1352, p. 28 (La.1/16/08), 973 So.2d 693, 711 (stating that an; appellate court may disturb a damages award only after an articulated analysis of the facts discloses an abuse of discretion and citing Theriot v. Allstate Ins. Co., 625 So.2d 1337, 1340 (La.1993)); Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993); Reck v. Stevens, 373 So.2d 498, 501 (La.1979). Furthermore, reasonable evalua- ' tions of credibility and reasonable, inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Where there are two permissible views of -the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Id. (citing Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978) and Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La.1985)). Moreover, on *614 review, an appellate court must be cautious not to re-weigh the evidence or to substitute its own factual findings just because it would have decided the case differently. Perkins, 782 So.2d at 612 (citing Ambrose v. New Orleans Police Department Ambulance Service, 93-3099, 93-3110, 93-3112, p. 8 (La.7/5/94), 639 So.2d 216, 221). Reasonable persons frequently disagree about the measure of damages in a particular case. “It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.” Youn, 623 So.2d at 1261.
Guillory v. Lee, 09-0075, pp. 14-16 (La.6/26/09), 16 So.3d 1104, 1117.
In light of the vast discretion afforded the factfinder, an appellate court “may disturb a damages award only after an articulated analysis of the facts discloses an | .abuse of discretion.” Id. (emphasis added). Rather than an articulated analysis, the appellate court’s review herein amounted to a mere recitation of the evidence. Clearly more is required of our appellate courts than just second-guessing the trial court and substituting their factual findings. But this Court has long acknowledged that expressing the articulation necessary to disturb such an award is difficult. Youn, 623 So.2d at 1261. Therefore, I would grant this writ to provide guidance to the lower courts on how to properly review general damage awards.
KNOLL, J., dissents and assigns reasons.
HUGHES, J., would grant.